# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

VALLIA CAROLYN FRIEND,
  *Defendant-Appellant.*

No. 01-4160

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-201)

Submitted: September 28, 2001

Decided: October 29, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Brian J. Grossman, ECK & COLLINS, Richmond, Virginia, for
Appellant. Kenneth E. Melson, United States Attorney, David J.
Novak, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Vallia Carolyn Friend appeals from her conviction for one count of conspiracy to interfere with commerce by violence in violation of 18 U.S.C. § 1951(a) (1994), and two counts of hijacking a motor vehicle in violation of 18 U.S.C.A. §§ 2119(1), (2), (3) (West Supp. 2001), and the life sentence imposed by the district court after a jury trial. Finding no reversible error, we affirm.

On appeal, Friend contends there was insufficient evidence to support her conviction under § 2119(3). However, Friend actually challenges the district court's findings with regard to the elements of the statute. Contrary to Friend's contentions, she did not raise this argument in the district court. Thus, review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Upon a thorough review of the briefs and joint appendix, we find no error, plain or otherwise.

Friend next contends the district court erred by denying her motion for a new trial, in which she alleged the Government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We review the denial of a new trial by the district court for abuse of discretion. *United States v. Huggins*, 191 F.3d 532, 536 (4th Cir. 1999), *cert. denied*, 529 U.S. 1112 (2000). Because we find the undisclosed evidence was neither material nor exculpatory, we hold the district court did not abuse its discretion by refusing to grant Friend's motion for a new trial.

Friend also contends that, under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Sentencing Guidelines are unconstitutional because they require a sentencing judge to find, by a preponderance of the evidence, facts that are determinative of the defendant's sentence. Her argument is foreclosed by our decision in *United States v. Kinter*, 235 F.3d 192, 199-201 (4th Cir.), *cert. denied*, 121 S. Ct. 1393 (2001).

Friend also challenges the district court's application of the Sentencing Guidelines. In general, this court reviews a district court's

factual findings for clear error and its application of the guidelines de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). A careful review of the record reveals no error.

Accordingly, we affirm Friend's's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*